# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAROUSH EBRAHIMI,**

                **Plaintiff,**

**v.**

             **Case No. 25-cv-01819-RJD**

**K HARBER,**

                **Defendant.**

## <u>MEMORANDUM AND ORDER</u>

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Daroush Ebrahimi, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff states that he suffers from several medical conditions that impact his

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff Ebrahimi's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

ability to walk and "ambulate generally." (Doc. 1, p. 6). Because of his mobility issues, pursuant to an order issued by the doctor at Pinckneyville Correctional Center and the local hospital, Plaintiff had been granted access to the use of a wheelchair. (*Id.*).

On or around February 27, 2024, Defendant Sergeant Harber, the sergeant for housing unit R1 where Plaintiff was housed, approached Plaintiff during "dayroom" and informed him that she was confiscating his wheelchair. (Doc. 1, p. 7). When Plaintiff asked why, Harber responded that Plaintiff was using the wheelchair too much to move around the dayroom. She also told Plaintiff that he did not need the wheelchair and that Plaintiff's wheelchair permit was only for long distances. Harber then confiscated the wheelchair from Plaintiff and removed it from the housing wing. (*Id.*).

Plaintiff asserts that Harber took the wheelchair from him in retaliation for filing complaints against her. (Doc. 1, p. 7). Plaintiff states that he and Harber have a history of verbal altercations and disagreements regarding the severity of his medical conditions and the necessity of the wheelchair. (*Id.*). Harber had previously attempted to take the wheelchair from Plaintiff and has accused Plaintiff of faking his medical conditions. (*Id.* at p. 8). On November 26, 2023, Harber called the Pinckneyville hospital and told a nurse that Plaintiff was faking his conditions. The following day, on November 27, 2023, after Plaintiff had received CT and MRI scans, a hospital doctor confirmed that Plaintiff was suffering from an injury. Following these test results, Harber confronted Plaintiff and stated that Plaintiff had only "received those reports because the doctor is [Plaintiff's] friend." (*Id.*).

On March 10, 2024, after Harber had taken Plaintiff's wheelchair on February 27,

2024, Plaintiff filed a grievance complaining about Harber's conduct. (Doc. 1, p. 8). In response to the grievance, Harber "insinuated [that] she had medical training or medical expertise of some kind and claimed she was acting pursuant to doctor and nurses order." (*Id.*).

DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:**    Eighth Amendment claim against Sergeant Harber for confiscating Plaintiff's wheelchair on February 27, 2024, in deliberate indifference to his serious medical needs.

**Count 2:**    First Amendment claim against Sergeant Harber for retaliating against Plaintiff by confiscating his wheelchair on February 27, 2024, because Plaintiff had submitted complaints about her.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

Plaintiff asserts that despite the order from the doctor at Pinckneyville Correctional Center and the local hospital, Sergeant Harber confiscated his wheelchair. As the Seventh Circuit has observed, "[i]nterference with prescribed treatment is a well-recognized example of how nonmedical prison personnel can display deliberate

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

indifference to inmates' medical conditions." *McDonald v. Hardy*, 821 F. 3d 882, 890 (7th Cir. 2016). Accordingly, Count 1 will proceed against Harber.

Plaintiff, however, has failed to successfully state a claim of retaliation. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about conditions of their confinement. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "To prevail on a First Amendment retaliation claim," a plaintiff must establish "that (1) he engaged in activity protected by the First Amendment; (2) he suffered an adverse action that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Here, Plaintiff does not describe a chronology of events or any facts to allow the plausible inference that Plaintiff's complaints about Harber motivated her to take his wheelchair. Plaintiff asserts that when Harber confiscated the wheelchair, she told him that he was using the wheelchair "too much to move around the dayroom" and that the wheelchair was "only for long distances." (Doc. 1, p. 7). He then asserts that the wheelchair was taken "with the express purpose to retaliation against [him] for filing complaints against [Harber]…" (*Id.*). This conclusion, however, is not supported by facts in the Complaint. He does not provide any details concerning the complaints lodged against Harber, such as when they were submitted, the manner in which they were

submitted, or how Harber knew about them. *See Higgs v. Carver,* 286 F. 3d 437, 439 (7 Cir. 2002) (observing that if a plaintiff fails to identify the "suit or the act or acts claim to have constituted retaliation, the complaint would be insufficient"). Plaintiff only discusses a grievance that was filed on March 10, 2024, after the wheelchair was taken, and so the grievance could not have motivated Harber's conduct on February 27, 2024. Because Plaintiff has not sufficiently connected any First Amendment activity to the taking of his wheelchair, Count 2 is dismissed.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 9), which is **DENIED**.[3] In an attempt to find an attorney on his own Plaintiff lists the names and address of seven law firms he has contacted via written correspondence. The Court, however, cannot determine that Plaintiff has made sufficient efforts to find a lawyer based on a list of names. Thus, Plaintiff has failed to meet his threshold burden of demonstrating attempts to recruit counsel on his own, prior to seeking assistance from the Court.

The Court also finds that Plaintiff is capable of representing himself, at least for now. Plaintiff argues that he is unable to proceed pro se because English is not his first language. He is a college graduate, however, and he has successfully drafted a complaint that has survived preliminary review. Thus, he has demonstrated an ability to effectively read and write English and communicate with the Court. Furthermore, this case is in the

---

[3] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

very early stages. Defendant Harber has not been served, and extensive argument and legal research are not required. *See Kadamovas v. Steven*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). Plaintiff, therefore, appears competent to try this matter without representation at this juncture. Once discovery on has commenced, if Plaintiff has significant difficulty, he may refile his motion. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include additional information about his efforts to obtain counsel himself, such as when he contacted each firm, and also include supporting documentation, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Sergeant Harber. **COUNT 2** is **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Harber the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by

the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit addresses medical claims, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Administrative Order No. 244, Defendant needs only to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: January 7, 2026

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.